IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TAREN RUTZ, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:23-cv-01729-JMB ) |
| METRO-WEST ANESTHESIA GROUP, INC., | ) ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SANCTIONS**

COMES NOW, Defendant, Metro-West Anesthesia Group, Inc. ("Defendant" or "MWAG") by and through its attorneys and, for its Memorandum in Support of its Motion for Sanctions, states as follows:

**I. Introduction**

Plaintiff's lawsuit should be dismissed, with prejudice, because of Plaintiff's continued discovery abuse and because this Court expressly warned Plaintiff of this outcome in the event Plaintiff again failed to comply with this Court's directive. This Court could not have been more clear when it stated, "Plaintiff is **WARNED** that the failure to comply with this Order may result in sanctions, consistent with Rule 37(b)(2) and the Court's inherent authority, that may include costs and/or dismissal of this lawsuit." (Court's January 30, 2025 Order, Doc. #36) (emphasis in the original). Despite this clear and unambiguous warning, Plaintiff failed to produce the outstanding discovery. It is time to hold Plaintiff accountable and dismiss Plaintiff's lawsuit, with prejudice.

## II.  Statement of Facts

MWAG first served interrogatories and a request for production of documents on August 7, 2024.  (**Exhibits A and B**).  Plaintiff did not file timely answers or objections to MWAG's discovery.  On October 15, 2024, this Court held an in-person hearing in an effort to resolve this discovery dispute.  Plaintiff subsequently tendered incomplete and deficient responses to the request for production (October 20, 2024) and interrogatories (November 4, 2024).  Defendant sent "Golden Rule letters" outlining the deficiencies in Plaintiff's responses.  (**Exhibits C and D**).  Plaintiff filed supplemental interrogatory responses on November 12, 2024; however, Plaintiff's responses to Defendant's request for production remained deficient.

On January 30, 2025, this Court held a second in-person hearing regarding the outstanding discovery.  At the conclusion of the hearing, this Court entered an Order which noted, among other things Plaintiff's failure to produce medical records, including an authorization for their release, Plaintiff's failure to produce a completed tax record authorization and Plaintiff's failure to identify which documents produced were responsive to which requests.  The Court further Ordered that "Plaintiff shall provide *full and complete* responses, consistent with the Federal Rules of Civil Procedure, to any outstanding written discovery by close-of-business (i.e., 5:00 p.m.) on **February 7, 2025**.  (Court's January 30, 2025 Order, Doc. #36) (bold and italicized emphasis added, bold emphasis in the original).  In its Order, the Court further cautioned Plaintiff that "Plaintiff is **WARNED** that the failure to comply with this Order may result in sanctions, consistent with Rule 37(b)(2) and the Court's inherent authority, that may include costs and/or dismissal of this lawsuit." *Id.* (emphasis in original).

After the Court's Order issued, and in an attempt to avoid any further confusion regarding the outstanding discovery, Defendant's counsel emailed Plaintiff's counsel a complete list of the

outstanding discovery issues. (**Exhibit E**). On February 7, 2025, Plaintiff provided additional discovery. However, not all of the outstanding discovery was produced and that which was produced was deficient. The material produced is not bates labeled and in no way identifies to which request the document(s) is responsive. Further, the outstanding medical records were not produced, nor was a medical records authorization provided. Finally, while Plaintiff provided a W-2 for 2021, she did not provide tax records for subsequent years, nor did she provide an completed tax record authorization form (IRS Form 4506) despite Defendant having gone so far as to submit a pre-complete form that required nothing more than Plaintiff's signature.

### III.  Legal Analysis

Fed. R. Civ. P. 37(b)(2) authorizes the court to take action upon a party who fails to obey an order made pursuant to Rule 37(a). Among the sanctions available to the court is the dismissal of the action. Fed. R. Civ. P. 37(b)(2)(C). Dismissal is an appropriate sanction when the facts and circumstances reveal that the party's conduct is willful. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 96 S.Ct. 2778, 2781 (1976). "The Court's authority to sanction a party for its discovery misconduct flows from its inherent power to 'manage its own affairs so as to achieve the orderly and expeditious disposition of cases, including fashioning an appropriate sanction for conduct which abuses the judicial process.'" *HM Compounding Services, LC v. Express Scripts, Inc.* 349 F.Supp.3d 794, 799 (E.D. Mo. 2018) *quoting Knapp v. Convergys Corp.*, 209 F.R.D. 439, 442 (E.D. Mo. 2002).

The Court's January 30, 2025 Order could not have been clearer. Plaintiff was to produce all outstanding discovery by February 7, 2025. Plaintiff failed to comply with this Court's Order.

In this case, Plaintiff has had almost six (6) months to provide full and complete discovery responses. This discovery dispute has required two (2) in-person hearings. It has required the

dissolution of the Court's prior scheduling order, including the trial date since deadlines could not be met. ***In the Court's most recent Order, the Court warned Plaintiff that failure to comply with the Court's Order could lead to sanctions, including the dismissal of Plaintiff's lawsuit.*** Despite this passage of time, despite repeated warnings from this Court and despite Defendant's counsel taking steps to ensure Plaintiff's counsel knew exactly the issues faced, Plaintiff's discovery responses remain incomplete and deficient.  Defendant respectfully submits that it is time to hold Plaintiff accountable for her actions/inaction and dismiss Plaintiff's Complaint in its entirety.

WHEREFORE, Defendant, Metro-West Anesthesia Group, Inc., respectfully moves this Court for an Order dismissing Plaintiff's lawsuit, with prejudice, and for any other relief this Court deems just and proper.

Dated:  February 10, 2025

Respectfully submitted,

UB GREENSFELDER LLP.

By: /s/ *T. Christopher Bailey*
T. Christopher Bailey, #48512
Lauren A. Daming, #66472
Mary C. Fletcher, #75547
10 S. Broadway, Suite 2000
St. Louis, MO 63102
T: (314) 241-9090
F: (314) 241-8624
CBailey@ubglaw.com
ldaming@ubglaw.com
mfletcher@ubglaw.com

***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which provided notification to:

Kristine Shilt
9519 Windor Drive
Lees Summit, MO 64086
Telephone: 816-935-6911
Email: kshilt@renz-law.com

***Attorney for Plaintiff***

/s/ T. Christopher Bailey