UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAREN RUTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23 CV 1729 JMB |
| ) | |
| METRO-WEST ANESTHESIA GROUP, INC.,) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Sanctions (Doc. 37), to which Plaintiff responded (Doc. 40/41), and Defendant replied (Doc. 42). A hearing on the Motion was held on March 6, 2025 in which the parties appeared by counsel. For the reasons set forth below, the Motion is **GRANTED**.

**I.  Background**

Plaintiff Taren Rutz alleges that she was discriminated against on account of her religion when her employment with Metro-West Anesthesia Group, Inc. was terminated on December 31, 2021 because she requested an accommodation to being subjected to weekly testing for the COVID-19 virus (Doc. 1-1). Plaintiff seeks compensatory and punitive damages, alleging that Defendant's actions caused "costs seeking alternate income, pain and suffering, emotional distress, humiliation, upset, damage to reputation, deprivation of civil rights, and in other respects" (Doc. 1-1, pp. 7-8). After this matter was removed from state court, a Case Management Order was entered setting forth a February 10, 2025 discovery deadline (Doc. 21).

Defendant first informed the Court that there was a discovery dispute in October, 2024. At that time, Defendant represented that Plaintiff had not timely responded to requests to produce and

interrogatories that were served on August 7, 2024. At a hearing held on October 15, 2024, Plaintiff's counsel represented to the Court that some personal issues were diverting her attention from this case but that she would have responses by the end of the week. Accordingly, on October 16, 2024, Plaintiff was ordered to respond to the outstanding discovery by close-of-business on October 18, 2024 (Doc. 32).[1] There was no suggestion that any of Defendant's requests were objectionable.

In January, 2025, Defendant again contacted chambers indicating that some discovery responses were still outstanding and stating that Plaintiff's responses were incomplete. Defendant represented, and Plaintiff does not dispute, that she did not respond to Defendant's discovery requests until October 20, 2024 (requests to produce) and November 4, 2024 (interrogatories), after the Court imposed deadline. Defendant further represented, and Plaintiff does not dispute, that she did not fully respond to the discovery requests; Plaintiff did not provide releases for medical, work, and tax records, provided documents that were unreadable, and failed to identify which documents were responsive to which requests. A hearing was held on January 30, 2025 (Doc. 35). At that hearing, Plaintiff represented that she could complete discovery within a few days. In a subsequent Order, Plaintiff was directed to serve full and complete responses consistent with the Federal Rules by February 7, 2025. Plaintiff was warned that the failure to do so may result in sanctions.

In its motion for sanctions, Defendant states that Plaintiff provided additional discovery but that the responses are deficient. In particular, Plaintiff provided documents that were not Bates stamed and did not indicate to which request to produce they were responsive. In addition,

---

[1] The Court implicitly excused Plaintiff's failure to appear at the October 14, 2024 hearing in person and permitted her to appear by telephone.

Defendant states that Plaintiff has not provided medical records nor medical record authorizations. Finally, Defendant notes that Plaintiff has not provided the correct IRS form for the release of her relevant tax records. In response, Plaintiff does not address the lack of labeling, states that the medical records are held by a third party and out of her control, and indicated that she did provide an IRS form.

Defendant has provided a detailed timeline of its attempts to acquire discovery in its reply brief before, during, and after the entry of the Court's Orders (Doc. 42). While that timeline will not be repeated in full here, it is hereby adopted and incorporated herein. What is notable about the summary is Plaintiff's lack of communication and failure to follow through with promised discovery on the dates indicated. Defendant further states that Plaintiff still has not provided some medical records and that the IRS form that she provided is the incorrect form (even though Defendant had provided the correct form on a number of occasions). At a hearing on the Motion for Sanctions held on March 6, 2025, Defendant reiterated its position that this matter should be dismissed as a sanction for Plaintiff's failure to provide discovery. Defendant pointed out, in particular, that Plaintiff provided some medical records but failed to sign the authorizations for the release of the records. Those records are not authenticated and Defendant cannot be certain that Plaintiff produced all relevant records. As a result, Defendant will be required to go through the unnecessary expense of authenticating the documents through deposition or other means.

**II.    Standard**

Federal Rule of Civil Procedure 37(b)(2) provides that:

(A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)— fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Discovery sanctions are reviewed for an abuse of discretion. Comstock v. UPS Ground Freight, Inc., 775 F.3d 990, 992 (8th Cir. 2014). That discretion narrows the more severe the sanction. Hawkeye Gold, LLC v. China National Materials Industry Import and Export Corp., 89 F.4th 1023, 1037 (8th Cir. 2023). Dismissal of a complaint for the failure to obey a Court order is permitted only where there is "an order compelling discovery, a willful violation of the order, and prejudice." Id. (quotation marks and citation omitted). Prior to considering dismissal, "the court must investigate whether a sanction less extreme than dismissal would suffice, unless the party's failure was deliberate or in bad faith." Id. (emphasis, quotation marks, and citation omitted). In imposing lesser sanctions, a finding of willfulness or bad faith is not required. See Vanderberg v. Petco Animal Supplies Stores, Inc., 906 F.3d 698 n.4 (8th Cir. 2018).

**III. Discussion**

Defendant argues that Plaintiff's conduct is in bad faith and willful because of the many broken promises to provide discovery, failure to fully comply with the Court's Orders, failure to acquire her medical records from Mercy for more than 6 months, failure to provide LifeQuest medical records until February 18, 2025, and failure to provide the correct IRS form 4506 (and not Form 4506-T which Plaintiff signed), which Defendant provided to Plaintiff. Certainly, the communication between the parties show that Defendant attempted to acquire the information in

a timely manner but that Plaintiff either failed to timely provide the information as promised, failed to respond to communications, and otherwise provided discovery that was unreadable, in a haphazard manner, or that did not inform Defendant of the requests to which they respond. Plaintiff provides no tenable excuse for her failure to follow the Federal Rules, to provide discovery in a timely manner, or for providing discovery in a manner than would multiply Defendant's costs.

At the October 15th hearing, Plaintiff represented that personal issues prevented responses to discovery. While unfortunate, this does not excuse the failure to comply with the Court's October 16th Order, the deadline in which was set based on Plaintiff's own representation of when she would be able to fully respond to discovery. At the January 30th hearing, Plaintiff provided no additional excuse for her non-performance and this Court again set a deadline with the parties' input. Plaintiff's subsequent statements in her response (Doc. 41) that she eventually provided some untimely discovery responses misses the mark; the responses were already late in violation of the Federal Rules and this Court's Order. Plaintiff's statements that she does not have control over third party records also misses the mark; Plaintiff had at least 6 months to provide the necessary authorizations for the records. Indeed, Plaintiff's lack of urgency and belief that the Court's Orders are merely "requests" (Doc. 41, p. 2) display a concerning lack of professionalism.

At the March 6, 2025 hearing, Plaintiff was again given the opportunity to explain what cause prevented her from fully responding to discovery requests in a timely and appropriate manner. In response, Plaintiff apologized and then inexplicably stated that she was trying to save time and Defendant's costs by attempting to acquire records by herself. This excuse is confounding because Plaintiff admits that she was wholly unsuccessful in attempting to acquire

Plaintiff's medical records for months. Moreover, Plaintiff could not state why she told Defendant and the Court that she would provide documents when she never actually had them.

This Court finds that Plaintiff's conduct is willful and in bad faith. Plaintiff's counsel appears to be, at best, too busy or preoccupied or unable to give this matter the attention it deserves or, at worst, unprofessional and untruthful. Plaintiff deliberately misinformed the Court on at least two occasions that she was able to fully respond to discovery requests by a date certain. Plaintiff deliberately misinformed Defendants as to when she would provide missing releases and documents on multiple occasions. Plaintiff failed to comply with two explicit orders of the Court. Plaintiff was warned of the consequences of failing to respond to the Court's Orders *but still did not provide all discovery responses*. Plaintiff's conduct is deliberate, in bad faith, and willful.

In addition, the delay and the inherent costs related to seeking discovery responses on multiple occasions, attending three hearings, and constantly following up on discovery responses, has prejudiced Defendant. Defendant notes that it spent at least 30 attorney hours on this avoidable discovery dispute due to Plaintiff's lack of forthrightness and follow through. Defendant further has represented that it must now, and unnecessarily because Plaintiff simply failed to sign the authorizations, employ depositions or other avenues in order to determine whether Plaintiff has provided all documents and that those documents are authentic. The delay occasioned by Plaintiff's conduct, the multiplication of proceedings that results from Plaintiff's conduct, and her lack of a reasonable excuse as to her conduct, renders her behavior prejudicial.

In so finding the Court has considered lesser sanctions. The discovery that Plaintiff should have timely and fully provided related to damages. Striking damages, or any part of Plaintiff's pleadings, would have the same practical effect as dismissing this lawsuit. Similarly, excluding evidence, such as Plaintiff's medical and income evidence, would achieve the same result.

Therefore, it is just and proper for the Court to impose the sanction of dismissal pursuant to Rule 37 and this Court's inherent power to enforce its own orders.

Finally, Plaintiff's counsel shall pay Defendant's reasonable expenses as allowed by Rule 37(b)(2)(C). Plaintiff's counsel has provided no substantial justification or other reason that would make an award of expenses unjust. At the March 6, 2025 hearing, Defendant represented that it spent at least 30 attorney hours on this discovery dispute at a rate of $250.00 per hour. Plaintiff offered no objections to the requested amount.

**IV.   Conclusion**

Accordingly, the following is hereby **ORDERED**:

1. Defendant's Motion for Sanctions (Doc. 37) is **GRANTED.**

2. This matter is **DISMISSED with prejudice** as a sanction for Plaintiff's failure to comply with the Rules of Civil Procedure and the Orders of this Court.

3. Plaintiff's counsel shall pay Defendant's reasonable expenses in seeking compliance with the Rules and the Orders of this Court. Defendant shall provide an affidavit setting forth its reasonable expenses and costs within thirty (30) days of this Order. Any supporting documentation may be filed under seal if they contain confidential information.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of March, 2025